In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-8002

LORIE J. MARSHALL AND DEBRA RAMIREZ,
    individually and on behalf of
    all others similarly situated,

*Plaintiffs-Respondents*,

*v.*

H&R BLOCK TAX SERVICES, INC.,

*Defendant-Petitioner*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 08-CV-591-MJR—**Michael J. Reagan**, *Judge*.

SUBMITTED FEBRUARY 21, 2009—DECIDED APRIL 30, 2009

Before EASTERBROOK, *Chief Judge*, and POSNER and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. H&R Block Tax Services, Inc. (TSI) removed this suit to federal court under the Class Action Fairness Act of 2005, but the district court concluded that it was not removable and so remanded the case to state court. TSI has asked our leave to appeal, 28 U.S.C. § 1453(c), which we grant.

The suit was originally filed in state court against a defendant class of related companies. The suit named H&R Block, Inc. and H&R Block Group, Inc. as representatives of the class. The suit charged that in violation of Illinois's Consumer Fraud Act, the defendants and the members of their class, all of which were affiliates or franchisees of the class representatives, had used deceptive practices to sell "Peace of Mind" insurance against mistakes by H&R Block that increased customers' tax liabilities. An amended complaint added TSI and H&R Block Eastern Tax Services, Inc. as additional named defendants and class representatives. The court dismissed the two original named defendants, H&R Block, Inc. and H&R Block Group, Inc. for lack of personal jurisdiction and granted the plaintiffs' motion to voluntarily dismiss H&R Block Eastern Tax Services, Inc. That left TSI as the only representative of the defendant class.

Eventually the state court certified three plaintiff classes, comprising all people in the 50 states and the District of Columbia who had been victimized by members of the defendant class—which the court also certified, defining it to include "any entity with the names 'H&R Block' or 'HRB' in its name, or otherwise affiliated or associated with [TSI], and which sold or sells the [Peace of Mind] product." Subsequently, however, the court decertified the defendant class at TSI's request, leaving TSI, which already was the only defendant, with no class-representative status since there was no longer a defendant class. TSI had asked the court to decertify the plaintiff classes as well, and while the court refused to do so, it did narrow the classes to residents of 13 states.

TSI then removed the case to federal district court on the ground that the decertification of the defendant class had made the case removable under the Class Action Fairness Act because the decertification occurred after the Act's effective date, and had increased TSI's potential liability notwithstanding the elimination of claims by residents of 37 states. Despite the deletion of those claims, TSI may face greater liability as a result of the decertification of the defendant class—unless, as the plaintiffs argue, TSI was from the outset jointly and severally liable for all the alleged misconduct of its affiliates and other "associates" (franchisees either of TSI or of any affiliate of TSI)—and hence for the alleged misconduct of all the members of the defendant class.

TSI is the franchisor of the H&R Block franchised (as opposed to owned) retail tax offices, but it does not operate any of them. As the sole defendant against certified plaintiff classes that include victims of alleged statutory violations by any entity affiliated or associated with it, TSI complains that it is now potentially liable for violations for which it had not been potentially liable before decertification. It estimates its additional potential liability at approximately $60 million, and notes that a ruling that increases a defendant's potential liability may make a case originally filed before the effective date of the Class Action Fairness Act removable if the ruling comes after that date, unless the alteration in the scope of the plaintiff's claim "relates back" to the original claim. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *Knudsen v. Liberty Mutual Ins. Co.*, 435 F.3d 755 (7th Cir. 2006), 411 F.3d 805 (7th Cir. 2005). The district

judge thought that only a formal amendment of the complaint could commence a new action for CAFA purposes, but that would place too much weight on form; if decertifying the defendant class altered the plaintiffs' claims adversely to the defendant (the shrinkage of the plaintiff classes did not), it is a detail that the plaintiffs did not file an amended complaint with a suitably altered caption.

If, when it was a class representative, TSI would have been jointly and severally liable for the unlawful acts of all members of the defendant class, decertifying the class and leaving TSI as the sole defendant did not increase its potential liability. We do not understand the plaintiffs to be contending, however (or to be suggesting that the state court had ever ruled), that merely by being named as a defendant TSI would have been jointly and severally liable for the acts of its codefendants. For although many of them are its corporate affiliates, the doctrine of limited liability ordinarily insulates a corporation from the tort or other liabilities of its affiliates. *Browning-Ferris Industries of Illinois, Inc. v. Ter Maat*, 195 F.3d 953, 959-60 (7th Cir. 1999).

Nor would TSI's status as the representative of the defendant class have created such derivative liability. Defendant classes are certified in order to facilitate the economical resolution of common issues rather than to alter the substantive rights of parties or class members. 2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 4:50 (4th ed. 2008). Class actions in federal courts are authorized by Rule 23 of the Federal Rules of Civil

Procedure, and those rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b); see *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999). True, that is the federal rule, and the class action suit in this case was brought in state court. But the Illinois statute that authorizes class actions in Illinois, 735 ILCS 5/2-801 *et seq.*, is similar to Rule 23 and contains no hint that a class action alters substantive rights.

The original and amended complaints do assert "joint and several, if not ultimate, liability" by "Block" for all the violations alleged in the complaints, many of which were committed by affiliates or franchisees. But "Block" is defined as the two (or, in the amended complaint, the four) defendants named in the complaints, one of which is TSI and the others are affiliates of it. For all that appears, while those four may, among them, be liable for the acts of still other affiliates and of the franchisees, it cannot be assumed that, with three of them gone from the case, TSI's status is unchanged. Illinois law requires that conspiracy or other concerted action be pleaded specifically. *Oliveira-Brooks v. Re/Max Int'l Inc.*, 865 N.E.2d 252, 260 (Ill. App. 2007); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 592 (Ill. App. 1996).

Suppose that one of the original H&R Block defendants was liable for the misconduct of its affiliates and franchisees but others, including TSI, which may have had no dealings with those affiliates and franchisees and therefore never created a situation that would permit piercing the corporate veil, were not liable. Then TSI's potential liability would have been limited. But now, having lost

the other defendants, the plaintiffs want to pin the entire liability of all the former members of the defendant class on TSI. They may, for all we know, be able to do so, but that will, so far as appears, enlarge TSI's liability; the plaintiffs have presented no evidence to the contrary.

But we must decide whether the change in the scope of the plaintiffs' claim relates back to the original claim, for only if it does not may the defendant remove. In federal law "the criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Santamarina v. Sears, Roebuck & Co., supra*, 466 F.3d at 573. The plaintiffs do not claim that Illinois' criterion (remember that this is a state case that the defendant is trying to remove) is any different; they are right not do so. *Porter v. Decatur Memorial Hospital*, 882 N.E.2d 583, 591-93 (Ill. 2008) (adopting the federal approach); *Frigo v. Silver Cross Hospital & Medical Center*, 876 N.E.2d 697, 712-14 (Ill. App. 2007). And if we are right that the liability asserted in the original claim was significantly less extensive than the liability now claimed as a result of the decertification of the defendant class, there is no relation back; from the standpoint of the original claim, the expansion of potential liability was a surprise.

The plaintiffs place great weight on TSI's having moved to decertify the defendant class. But TSI made that motion as part of a package in which it sought to decertify the plaintiff classes as well. It failed in that

endeavor, and so ended up worse off, as far as potential liability was concerned, than before. Or so at least the record suggests. We can imagine a situation in which a defendant deliberately increases its potential liability in an attempt to be allowed to remove the case under the Class Action Fairness Act; but that is not argued.

The case should not be sent back to state court. The district court's order is therefore

REVERSED.