# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-8003

RONALD ANDERSON, et al.,

*Plaintiffs-Respondents,*

*v.*

BAYER CORPORATION, BAYER HEALTHCARE LLC,
and BAYER HEALTHCARE PHARMACEUTICALS, INC.,

*Defendants-Petitioners.*

Petition for Leave to
Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-cv-00988—**G. Patrick Murphy**, *Judge.*

No. 10-8004

DON JUAN BROWN, et al.,

*Plaintiffs-Respondents,*

*v.*

BAYER CORPORATION, BAYER HEALTHCARE LLC,
and BAYER HEALTHCARE PHARMACEUTICALS, INC.,

*Defendants-Petitioners.*

Petition for Leave to
Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-cv-00989—**G. Patrick Murphy**, *Judge.*

No. 10-8005

FREDERICK BANCROFT, et al.,

*Plaintiffs-Respondents,*

*v.*

BAYER CORPORATION, BAYER HEALTHCARE LLC,
and BAYER HEALTHCARE PHARMACEUTICALS, INC.,

*Defendants-Petitioners.*

Petition for Leave to
Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-cv-00990—**G. Patrick Murphy**, *Judge.*

No. 10-8006

FRANCIS G. LECKER, et al.,

*Plaintiffs-Respondents,*

*v.*

BAYER CORPORATION, BAYER HEALTHCARE LLC,
and BAYER HEALTHCARE PHARMACEUTICALS, INC.,

*Defendants-Petitioners.*

Petition for Leave to
Appeal from the United States District Court
for the Southern District of Illinois.
No. 09-cv-00991—**G. Patrick Murphy**, *Judge.*

SUBMITTED FEBRUARY 22, 2010—DECIDED JUNE 22, 2010

Before FLAUM, MANION, and EVANS, *Circuit Judges.*

FLAUM, *Circuit Judge.* Defendants (collectively referred to as "Bayer") have petitioned for leave to appeal the remand orders issued by the district court in the four above-captioned cases. In five separate, mostly identical complaints in state court, plaintiffs sued Bayer for personal injuries they allege were caused by Trasylol, a prescription medication manufactured by Bayer. Defendants removed, invoking the "mass action" provision of the Class Action Fairness Act ("CAFA"), which allows the removal of cases joining the claims of at least 100 plaintiffs that otherwise meet CAFA's jurisdictional requirements. The district court remanded four of the five cases because they contained fewer than 100 plaintiffs (in the fifth case plaintiffs meant to include 99 plaintiffs, but actually named two-coexecutors in the same paragraph for a total of 100 plaintiffs). Bayer asks us to grant its petitions for review in the four cases remanded to state court and hold that (1) plaintiffs cannot avoid federal diversity jurisdiction by carving their filings into five separate pleadings, and (2) there is diversity jurisdiction over most plaintiff's claims because the claims of the small number of non-diverse plaintiffs were fraudulently misjoined and should be severed. Because we agree with the district court on the first question, we conclude that we are without jurisdiction to reach the second.

In August and September of 2009, plaintiffs' counsel filed in St. Clair County, Illinois, claims on behalf of 57 unrelated plaintiffs, dividing the claims between four virtually identical complaints, using verbatim lan-

guage, alleging that the plaintiffs (or their decedents) suffered injuries as a result of being administered Trasylol during heart surgery. Bayer removed, invoking the district court's diversity jurisdiction over the diverse plaintiffs' claims by arguing that the few non-diverse plaintiffs had been fraudulently misjoined. The district court remanded sua sponte.

After remand to St. Clair County, plaintiffs' counsel amended the complaints to add 111 new plaintiffs, spread across the four existing suits. This resulted in a total of 100 plaintiffs in *Gilmore*,[1] 5 in *Brown*, 45 in *Bancroft*, and 18 in *Lecker*. Plaintiffs' counsel also filed a fifth complaint, *Anderson*, naming three plaintiffs, one of whom was non-diverse. Defendants once again removed. The district court remanded *Bancroft, Brown, Lecker,* and *Anderson*, rejecting defendants' argument that they should be treated as a single mass action and defendants' alternative argument that the non-diverse plaintiffs should have been severed from the action as fraudulently misjoined. Defendants then filed this petition for permission to appeal under 28 U.S.C. § 1453(c), a provision of CAFA that creates an exception for class actions to the general rule that remand orders are not reviewable. *See id.*; 28 U.S.C. § 1447(d).

Bayer first argues that plaintiffs' cases meet CAFA's definition of a "mass action" and thus the district court

---

[1] Because it joined the claims of 100 or more plaintiffs, *Gilmore v. Bayer Corp.*, No. 09-986-GPM (S.D. Ill.), was not remanded by the district court and thus is not part of this appeal.

erred in remanding the cases. 28 U.S.C. § 1332(d)(11)(B)(i) defines a mass action as "any civil action . . . in which the monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." Under CAFA, such mass actions "shall be deemed to be a class action" removable to federal court, so long as CAFA's other jurisdictional requirements are met. *Id.* § 1332(d)(11)(A). There is no dispute that the other requirements—amount in controversy and minimal diversity—are met in each of the four cases that Bayer appealed.

Of course, none of the instant four cases actually involve the claims of more than 100 plaintiffs. Bayer, however, urges us not to place "too much weight on form" in the CAFA context. *See Marshall v. H&R Block Tax Servs., Inc.*, 564 F.3d 826, 828 (7th Cir. 2009). They argue that plaintiffs' five separate pleadings are a transparent attempt to circumvent CAFA, and, as such, should be treated as a single mass action. In support of this argument, they cite *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008). In *Freeman*, the Sixth Circuit considered an appeal from the remand of five related cases that had separated the plaintiffs' claims for nuisance into six-month periods in order to avoid meeting CAFA's $5 million jurisdictional amount. *Id.* at 407. The Sixth Circuit found that "there was no colorable reason for breaking up the lawsuit in this fashion, other than to avoid federal jurisdiction," and thus held that the damages sought in each suit "must be aggregated" for the purpose of determining whether the amount-in-controversy requirement had been met. *Id.*

*Freeman*, however, did not address the mass action provision of CAFA. This distinction is important because CAFA states that "the term 'mass action' shall not include any civil action in which the claims are joined upon motion of a defendant." 28 U.S.C. § 1332(d)(11)(B)(ii)(II). By excluding cases in which the claims were consolidated on a defendant's motion, Congress appears to have contemplated that some cases which could have been brought as a mass action would, because of the way in which the plaintiffs chose to structure their claims, remain outside of CAFA's grant of jurisdiction. This is not necessarily anomalous; after all, the general rule in a diversity case is that "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The only appellate court to have addressed an argument similar to Bayer's has rejected its approach. In *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (9th Cir. 2009), the Ninth Circuit considered whether seven similar cases, each involving fewer than 100 plaintiffs, could be treated as a single mass action for CAFA purposes. The *Tanoh* court began by noting that under the plain language of CAFA, none of the state court cases were a mass action because they contained fewer than 100 plaintiffs each. *Id.* at 953. The court went on to reject the defendant's structuring argument, relying on § 1332(d)(11)(B)(ii)(II) to conclude that "Congress appears to have foreseen the situation presented in this case and specifically decided the issue in plaintiffs' favor." *Id.* at 953. Like Bayer here, Dow never

formally moved to consolidate the state court cases. The Ninth Circuit concluded that "[t]he absence of a formal motion cannot blink away the fact that Dow, the defendant, is asking us to consolidate separate actions for purposes of applying the 'mass action' provision." *Id.* at 954.

We agree with our colleagues on the Ninth Circuit. The mass action provision gives plaintiffs the choice to file separate actions that do not qualify for CAFA jurisdiction. The instant cases contain fewer than 100 plaintiffs and thus are not removable under the plain language of the statute. Bayer's argument that these separate lawsuits be treated as one action is tantamount to a request to consolidate them—a request that Congress has explicitly stated cannot become a basis for removal as a mass action.

Of course, subsequent action by the plaintiffs in state court might render these claims removable. *See Bullard v. Burlington Northern Santa Fe Railway Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (holding that a case in state court may become a removable mass action "long after filing" if the claims of more than 100 plaintiffs are subsequently proposed to be tried jointly). In *Bullard*, we specifically described as removable a hypothetical set of "15 suits" with "10 plaintiffs each" that are proposed to be tried together. *Id.* We also noted that the § 1332(d)(11) extended to a situation where only a few representative plaintiffs would actually go to trial, with claim or issue preclusion to be used to dispose of the remaining claims without trial. *Id.* Such a request from the plaintiffs seems

possible (perhaps even likely) at some future point in these cases, given the similarity of their claims. But it is not yet a certainty, and Congress has forbidden us from finding jurisdiction based on Bayer's suggestion that the claims be tried together. So long as plaintiffs (or perhaps the state court) do not propose to try these cases jointly in state court, they do not constitute a mass action removable to federal court.[2]

Finding no federal jurisdiction under CAFA, we turn to defendants' alternative argument for diversity jurisdiction, fraudulent misjoinder. Before reaching the merits of this argument, however, we must consider plaintiffs' argument that we are without appellate jurisdiction to hear it.

Typically, federal courts of appeal are barred from reviewing district court orders remanding removed cases to state court. *See* 28 U.S.C. § 1447(d). However, an exception exists when a party appeals "from an order granting or denying a motion to remand a class action to the State court from which it was removed." 28 U.S.C. § 1453(c). In *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), we held that "[b]ecause § 1453(c)(1) permits appellate review of remand orders 'notwithstanding section 1447(d),' we are free to consider any potential error in the district court's decision, not

---

[2] Like the Ninth Circuit in *Tanoh*, we express no opinion as to whether a state court's sua sponte joinder of claims might allow a defendant to remove separately filed state court claims to federal court as a single "mass action." 561 F.3d at 956.

just a mistake in application of [CAFA]." *Id.* at 451-52. Plaintiffs do not address *Brill*, which at first glance might appear to control here.

We have, however, an independent duty to examine the basis for our jurisdiction, and this case differs from *Brill* in one important respect. In *Brill*, there was never any dispute about whether the state court case was a class action. Instead, we were confronted with both CAFA and non-CAFA theories of federal subject-matter jurisdiction over a particular class action, and concluded that we had the jurisdiction to address both arguments. 427 F.3d at 451-52. Here, however, we have concluded that the remanded cases do not meet CAFA's definition of a class action, because they are not mass actions as defined in the statute. From the plain language of § 1453(c), which extends appellate jurisdiction only to remand orders for "class actions" as defined in CAFA, it follows that we lack jurisdiction to proceed further. Because the district court properly concluded that the above-captioned cases were not mass actions, we have no jurisdiction to hear an appeal from the remand order.

Defendants' petition for leave to appeal under 28 U.S.C. § 1453(c) is DENIED.