**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 12-1199
_____

ABRAHAMSEN, ET AL.; ANDREASSEN ET AL.;
ARNE AASEN ET AL.; AND AARSLAND ET AL.
<u>Appellants</u>
v.

CONOCOPHILLIPS, CO.


_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-10-cv-00692)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
OCTOBER 31, 2012

Before:  SLOVITER, AMBRO and BARRY, *Circuit Judges*

(Filed: November 1, 2012)
_____

OPINION
_____

SLOVITER, Circuit Judge.


The Plaintiffs in four cases filed under Delaware state law, Abrahamsen et al.,

Andreassen et al., Arne Aasen et al., and Aarsland et al. ("Plaintiffs"), appeal from the

District Court's dismissal on *forum non conveniens* grounds of their claims against

ConocoPhillips Company ("Conoco").  Because we find that federal subject-matter jurisdiction does not exist in this case, we will vacate the order of the District Court and direct the District Court to remand the matters to state court.

Background

Plaintiffs are four groups of Norwegian citizens, totaling 123 persons, who brought four separate complaints against Conoco in Delaware state court for injuries sustained while working on rigs, platforms, and vessels in the North Sea for Conoco.[1] Conoco removed all four suits to the Delaware District Court based on the jurisdictional provision of the Class Action Fairness Act ("CAFA") and on federal question jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332(d), 1446, 1453.  Conoco then moved for dismissal of the actions on *forum non conveniens* grounds.

Plaintiffs filed a motion pursuant to 28 U.S.C. §1447(c) to remand to state court for lack of subject-matter jurisdiction.  Rather than decide the motion to remand, the District Court exercised its discretion under *Sinochem Int'l.  Co. Ltd. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 425 (2007), to bypass the jurisdictional inquiry in favor of a non-merits dismissal on *forum non conveniens* grounds.  (1 App. 4-6)

In *Sinochem,* the Supreme Court stated:

> If . . .  a court can readily determine that it lacks jurisdiction over
> the cause or the defendant, the proper course would be to dismiss
> on that ground.  In the mine run of cases, jurisdiction will involve
> no arduous inquiry and both judicial economy and the consideration

---

[1] Most Plaintiffs are former employees or contractors; some are family members and estates of Conoco's former employees and contractors.

> ordinarily accorded the plaintiff's choice of forum should impel
> the federal court to dispose of [jurisdictional] issue[s] first.  But
> where subject-matter . . . jurisdiction is difficult to determine, and
> *forum non conveniens* considerations weigh heavily in favor of
> dismissal, the court properly takes the less burdensome course.

*Id.* at 436 (quotation marks and citations omitted).

On appeal, Plaintiffs argue that the dismissal of their claims was erroneous and that the District Court should have remanded the cases to state court for lack of subject-matter jurisdiction.

## Introduction

We have an independent obligation to address our subject-matter jurisdiction.  *See Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 76-77 (3d Cir. 2003) (holding that subject-matter jurisdiction is non-waivable and can be raised by the court *sua sponte*).  That obligation here entails the authority to examine jurisdictional issues that the District Court chose to bypass, relying on *Sinochem*.[2]

### *CAFA Jurisdiction*

CAFA grants the federal courts removal jurisdiction in "class action[s]," 28 U.S.C. § 1453(b), which it defines to include "'mass action[s]' . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. §

---

[2] The Ninth Circuit has exercised this authority in a similar situation.  *See Provincial Gov't of Marinduque v. Placer Dome*, *Inc.*582 F.3d 1083, 1087 (9th Cir. 2009).

3

1332(d)(11)(B)(i). The mass action provision specifically excludes jurisdiction over cases in which "claims are joined upon motion of a defendant." 28 U.S.C.

§ 1332(d)(11)(B)(ii)(II).

When a "statute's language is plain" we must "enforce it according to its terms" as long as the result "is not absurd." *Hartford Underwriters Ins. Co. v. Union Planters Bank*, *N.A.* 530 U.S. 1, 6 (2000) (quotation marks omitted). The plain text of CAFA clearly precludes jurisdiction in this case. Despite the similarities of their claims, Plaintiffs did not propose to try their claims jointly. Because each suit includes fewer than one hundred persons, none of Plaintiffs' four suits meets CAFA's definition of a "mass action" and therefore no suit qualifies for removal jurisdiction.[3] The clear lack of jurisdiction is underscored by CAFA's explicit exemption from jurisdiction of suits in which "the claims are joined upon motion of a defendant." 28 U.S.C. § 1332(d)(11)(B)(ii)(II).[4]

This reading of CAFA is not "absurd." It is consistent with the well-established rule of deference to plaintiffs' choice of forum and the presumption against federal removal jurisdiction. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 45-46 (3d Cir.

---

[3] The law explicitly denies jurisdiction for "claims [which] have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

[4] Other courts considering similar facts have also found no jurisdiction under CAFA's "mass action" provision. *See Anderson v. Bayer Corp.*, 610 F.3d 390, 392 (7th Cir. 2010) (holding that CAFA removal jurisdiction did not apply in a case involving 396 plaintiffs who filed four "mostly identical complaints in state court"); *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 950 (9th Cir. 2009) (finding no removal jurisdiction in case in which 664 West African foreign nationals filed seven suits, each with fewer than one hundred plaintiffs).

1988); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).[5] We therefore conclude that CAFA does not provide removal jurisdiction in this case.

*Federal Question Jurisdiction*

This case also falls outside of our federal question jurisdiction. Conoco argues that the Plaintiffs' suits raise a federal question under 28 U.S.C. § 1331 because they " 'implicat[e] . . . our relations with foreign nations,' " and thus raise questions under federal common law. Appellee's Resp. Br. at 51 (quoting *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981)). Federal-common-law-of-foreign-relations jurisdiction is rarely recognized by federal courts, especially for private disputes between private citizens and entities. Even if we were to adopt the reasoning of the circuits with the broadest jurisdictional standards, we would not find jurisdiction in this case. Those circuits require intervention in the case by a foreign sovereign and proof that the lawsuit will significantly affect the foreign government's vitality. *See, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1376-78 (11th Cir. 1998); *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542-43 (5th Cir. 1997). Because Norway has not intervened here, the Norwegian government's "sovereignty over all petroleum-based activities in its territorial

---

[5] Conoco argues that reading CAFA to deny jurisdiction in this case "elevate[s] form over substance" and encourages jurisdictional "gamesmanship." Appellee's Br. at 48, 49. Even if true, these concerns are insufficient to militate against a plain reading of CAFA. *See First Merchants Acceptance Corp. v. J.C. Bradford & Co.*, 198 F.3d 394, 403 (3d Cir. 1999) ("[O]nly absurd results and 'the most extraordinary showing of contrary intentions' justify a limitation on the 'plain meaning' of . . . statutory language." (quoting *Garcia v. United States*, 469 U.S. 70, 75 (1984))).

waters and on its Continental Shelf," Appellee's Resp. Br. at 51, is insufficient to generate federal question jurisdiction under 28 U.S.C. § 1331.

<u>Conclusion</u>

There is no federal subject-matter jurisdiction in this case. We will therefore vacate the *forum non conveniens* dismissal and remand to the District Court with instructions to remand to state court.