ANDERSON, Circuit Judge,
concurring.
In order to' avoid federal jurisdiction under CAFA plaintiffs’ counsel intentionally filed eleven separate but virtually identical complaints, with less than 100 plaintiffs each, almost simultaneously before a single state court judge in Pottawatomie County, Oklahoma. The defendants argue that such a circumstance necessarily implies a proposal for a joint trial of some or all of those repetitive claims, or common issues of law or fact. No case cited by the defendants goes that far. The majority opinion holds that filing does not constitute a proposal, implicit or otherwise. I agree. The defendants are merely predicting what is likely to happen. But with some force.
At oral argument plaintiffs’ counsel was asked if, assuming a remand, she was representing to the court that except for pretrial proceedings she or her co-counsel intended to build a Chinese wall around each of these eleven virtually identical cases and try each one independently from scratch, including questions of liability, free of any type of controlling or preclusive determinations that would' govern in all of the cases. In other words she intended no joint trial in whole or in part,' bellwether, exemplar, or otherwise, that would settle any issue of law or fact common to any part or all of the eleven cases. She stated that was the plan. That is a dubious prospect. In major litigation like this, especially when counsel is the same in all the cases, there are common issues of law and fact, and the cases are assigned to one judge, case management strategies will be employed for the sake of efficiency, and the avoidance of redundancy and inconsistencies. Two leading cases illustrate how joint trial proposals were deemed to have arisen in parallel circumstances: In re Abbott Labs., Inc., 698 F.3d 568 (7th Cir.2012), and Atwell v. Boston Sci Corp., 740 F.3d 1160 (8th Cir.2013).
In Abbott, several hundred plaintiffs filed ten personal injury actions against *894 Abbott in three state courts and thereafter filed motions to have the cases consolidated. The Seventh Circuit held that the motion to consolidate constituted an implicit proposal for a joint trial, observing that the plaintiffs’ consolidation request included the words “through trial”, but also stressing the plaintiffs’ assertion in their motion that such consolidation “would also facilitate the efficient disposition of a number of universal and fundamental substantive questions applicable to all or most of Plaintiffs’ cases without the risk of inconsistent adjudication.” The court then stated that “[I]t is difficult to see how a trial court could consolidate the cases as requested by plaintiffs and not hold a joint trial or an exemplar trial with the legal issues applied to the remaining cases. In either situation, plaintiffs’ claims would be tried jointly.” Abbott, 698 F.3d at 573.
In Atwell, three groups of plaintiffs filed separate product liability actions against four manufacturers in Missouri’s Twenty-Second Judicial Circuit. Each group comprised less than 100 plaintiffs. The three groups filed generally similar motions proposing that the state court assign each group to a single judge. They disclaimed any intent to have the cases consolidated. Rather they sought assignment to a single judge “who could handle these cases for consistency of rulings, judicial economy, [and] administration of justice.” And because of the complexity that will occur all the way through, according to counsel for the Atwell plaintiffs, “[t]here’s going to be a process in which to select the bellwether case to try.” In ruling that these cases were properly removed to federal court under CAFA, the Eighth Circuit stated that such statements by counsel “revealed the purpose of their motions — a joint assignment in which the ‘inevitable result’ will be that their cases are tried jointly.” Atwell, 740 F.3d at 1165.
In Romo v. Teva Pharmaceuticals USA Inc., 731 F.3d 918 (9th Cir.2013), attorneys for plaintiffs in some of the forty similar product liability actions filed in California state courts sought coordination of their common actions. The only question was whether the plaintiffs’ petition for coordination constituted a proposal that the cases be tried jointly for purposes of CAFA. The majority found that it wasn’t. Dissenting, Judge Gould stated that the “[r]easons Plaintiffs listed as supportive of their petition, including inconsistent judgments and conflicting determinations of liability, in my view could only be addressed through some form of joint trial. When Plaintiffs asked the California Judicial Council to coordinate their cases for reasons that only a joint trial could address, they implicitly proposed a joint trial, bringing their cases within CAFA’s mass action provision.” Id. at 927. While Romo, at least the majority opinion, is no longer authoritative because en banc review has been granted, I find Judge Gould’s reasoning to be persuasive and applicable to the case before us.
The rationale of these cases (and there are others) applies here. The tactic of filing multiple cases before a single state court judge simply takes a short cut by eliminating the necessity in the cited cases of filing motions to assign, consolidate or coordinate cases before a single judge. It does not, however, eliminate all that will undoubtedly transpire by way of seeking avoidance of inconsistent rulings, mistakes due to complexity, judicial economy, efficiency, and so on. Such matters cannot and, in my estimation, will not be addressed in the state court in these cases without some form of proposal (and that is all it takes), either implicit or explicit, for some sort of joint trial. Such a joint trial need not encompass relief. “[Sjection 1332(d)(11)(B)(i) requires only that the *895 plaintiffs’ claims involve common issues of law or fact....” Koral v. Boeing Co., 628 F.3d 945, 947 (7th Cir.2011).
But, the removals in this case, based solely on the act of filing the complaints, was premature. To the same effect, see id. at 947 (remand affirmed because the removals were premature). Removal can occur at any time in the future within 30-days of a triggering event. See, e.g., Atwell, 740 F.3d at 1162; Tanoh v. Dow Chemical Co., 561 F.3d 945, 956 (9th Cir.2009) (“Plaintiffs’ separate state court actions may, of course, become removable at some later point if plaintiffs seek to join the claims for joint trial.”); Bullard v. Burlington N. Santa Fe Ry., 535 F.3d 759, 762 (7th Cir.2008) (Section 1446(b) allows removal within 30 days of any event that brings a previously non-removable suit within federal jurisdiction).
In short, I believe the removals here simply to be premature.