IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2015

No. 15-90024

Lyle W. Cayce
Clerk

_____

Consolidated with Cases 15-90025; 15-90026; 15-90027; 15-90028; 15-90029;
15-90030; 15-90031; 15-90032; 15-90033; 15-90034; 15-90035; 15-90036;
15-90037; 15-90039; 15-90040; 15-90041; 15-90042; 15-90043; 15-90044;
15-90045; 15-90046; 15-90047; 15-90048; 15-90049; 15-90050; 15-90051;
15-90052; 15-90053; 15-90054; 15-90055; 15-90056; 15-90057; 15-90058;
15-90059; 15-90060; 15-90061; 15-90062; 15-90063; 15-90064; 15-90065;
15-90066; 15-90067; 15-90069; 15-90070; 15-90071; 15-90072; 15-90073;
15-90074; 15-90075; 15-90076; 15-90077; 15-90078; 15-90079; 15-90080;
15-90081; 15-90082; 15-90083; 15-90084; 15-90085; 15-90086; 15-90087;
15-90088; 15-90089; 15-90090; 15-90091; 15-90092; 15-90093; 15-90094;
15-90095; 15-90096; 15-90097; 15-90098; 15-90099; 15-90100; 15-90101;
15-90102.

EAGLE US 2, L.L.C.,

Defendant – Petitioner

v.

EVA D. ABRAHAM, et al.,

Plaintiffs – Respondents
_____

Motions for Leave to Appeal
Pursuant to 28 U.S.C. § 1453
_____

ON PETITION FOR REHEARING EN BANC

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Treating the petition for rehearing en banc as a motion for reconsideration, the motion for reconsideration is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on rehearing en banc, FED R. APP. P. 35; 5th CIR. R. 35, the petition for rehearing en banc is DENIED.

Defendant-Petitioner Eagle US 2 L.L.C. (Eagle) removed this case to federal district court, arguing that removal jurisdiction existed under 28 U.S.C. § 1332(d)(2) (governing "class actions") and in the alternative under § 1332(d)(11) (governing "mass actions"). Rejecting both arguments, the district court remanded the case back to Louisiana state court. Eagle sought discretionary review before this court under 28 U.S.C. § 1453(c)(1), which provides that "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed." We declined review for lack of appellate jurisdiction because § 1453(c)(1) allows review only of an order remanding "a class action," and this case is not a class action as defined in § 1332(d)(1)(B). We reasoned that § 1332(d)(1)(B)'s definition of a "class action" does not encompass this case because the Louisiana cumulation procedure employed by Plaintiffs-Respondents does not authorize "representative" litigation. Eagle now seeks rehearing, arguing that we did not address whether this case is a "mass action." Even assuming *arguendo* that § 1453(c)(1) allows review of orders remanding mass actions as well as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

class actions,[1] review is nevertheless foreclosed because this case is not a mass action.

CAFA defines a "mass action" as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." § 1332(d)(11)(B)(i). In remanding the case to state court for lack of removal jurisdiction, the district court determined "that this lawsuit is not a mass action as that term is defined in CAFA." (citing a portion of Eagle's notice of removal that argued the 100-person requirement was met). Because this case does not involve "100 or more persons," we come to the same conclusion.

This case was initially filed in Louisiana state court as a cumulated action involving twenty-three named plaintiffs. Eagle asserts that the complaint in this case "is one of 77 complaints filed by the same lawyers making identical claims on behalf of more than *1,700* plaintiffs." (emphasis in original). In its notice of removal, Eagle argued that the '100-or-more-persons' requirement is satisfied because "[t]he fact that plaintiffs' counsel broke up their client base into multiple suits making identical allegations is not a tactic that prevents the assertion of jurisdiction under CAFA."

We disagree. The "mass action" definition requires "100 or more persons" whose claims "are proposed to be tried jointly." § 1332(d)(11)(B)(i). The "100-or-more-persons" requirement cannot be satisfied by piercing the

---

[1] 28 U.S.C. § 1332(d)(11)(A) provides: "For purposes of this subsection and section 1453, a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." We assume without deciding that that language brings mass actions within not only § 1453's *removal* provision, § 1453(b), but also its *review* provision, § 1453(c). We have previously invoked § 1453(c) to review orders remanding mass actions to state court but have not addressed this issue. *See, e.g.*, *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014).

pleadings across multiple state court actions when the plaintiffs have not proposed that those actions be tried jointly or otherwise consolidated. "Every other court of appeals confronted with this question has come to the same conclusion: that plaintiffs have the ability to avoid § 1332(d)(11)(B)(i) jurisdiction by filing separate complaints naming less than 100 plaintiffs and by not moving for or otherwise proposing joint trial in the state court." *Parson v. Johnson & Johnson*, 749 F.3d 879, 886–87 (10th Cir. 2014) (quoting *Scimone v. Carnival Corp.*, 720 F.3d 876, 884 (11th Cir. 2013)); *accord Anderson v. Bayer Corp.*, 610 F.3d 390, 393–94 (7th Cir. 2010); *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952–53 (9th Cir. 2009). As the district court in this case noted, "there has been no attempt to consolidate this lawsuit with any other separately filed lawsuit(s) and Plaintiffs' counsel has not proposed to try any of the lawsuits jointly."

Because this case does not involve "100 or more persons," it is not a "mass action" and we have no appellate jurisdiction under § 1453(c)(1), regardless of whether that provision allows review of district court orders remanding mass actions.