# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 12-60704

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2014

Lyle W. Cayce
Clerk

STATE OF MISSISSIPPI, ex rel Jim Hood, Attorney General,

Plaintiff – Appellee

v.

AU OPTRONICS CORPORATION; AU OPTRONICS CORPORATION AMERICA, INCORPORATED; CHI MEI CORPORATION; CHIMEI INNOLUX CORPORATION, formerly known as Chi Mei Optoelectronics Corporation; CHI MEI OPTOELECTRONICS USA, INCORPORATED, formerly known as International Display Technology USA, Incorporated; CMO JAPAN COMPANY, LIMITED, formerly known as International Display Technology, Limited; HANNSTAR DISPLAY CORPORATION; HITACHI, LIMITED; JAPAN DISPLAY EAST, INCORPORATED; HITACHI ELECTRONIC DEVICES (USA); LG DISPLAY COMPANY, LIMITED, formerly known as LG Phillips LCD Company, Limited; LG DISPLAY AMERICA, INCORPORATED, formerly known as LGD LCD America, Incorporated; SAMSUNG ELECTRONICS COMPANY, LIMITED; SAMSUNG SEMICONDUCTOR, INCORPORATED; SAMSUNG ELECTRONICS AMERICA, INCORPORATED; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; TOSHIBA CORPORATION; TOSHIBA MOBILE DISPLAY COMPANY, LIMITED, formerly known as Toshiba Matsushita Display Technology Company, Limited; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INCORPORATED; TOSHIBA AMERICA INFORMATION SYSTEMS, INCORPORATED,

Defendants – Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-345

No. 12-60704

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

The Supreme Court has remanded this case following the Court's reversal of our prior judgment. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014). Also pending is AU Optronics' Motion to Recall the Mandate and for Further Proceedings on Remand.

The Supreme Court held that this case does not qualify as a "mass action" under the Class Action Fairness Act ("CAFA"), reversing our holding to the contrary. *See id.* at 741–46. AU Optronics now contends that it should have an opportunity to argue – either before this court or before the district court on remand – that CAFA nonetheless supplies federal jurisdiction because this case qualifies as a "class action" under CAFA.

We considered and rejected this argument in our original panel opinion. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 701 F.3d 796, 799 (5th Cir. 2012) ("Our analysis begins by considering whether Mississippi's suit against the LCD manufacturers qualifies as a 'class action,' a question that can be answered quickly in the negative."). AU Optronics argues that this statement is dicta in the light of our ultimate holding that the case qualified as a "mass action." AU Optronics is incorrect. The statement was not dicta because it "constitutes an explication of the governing rules of law" and received our "full and careful consideration." *Int'l Truck and Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004); *see also United States v. Adamson*, 665 F.2d 649, 656 n.19 (5th Cir. 1982) ("It cannot be said that a case is not authority on one point

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

because, although that point was properly presented and decided in the regular course of the consideration of the cause, something else was found in the end which disposed of the whole matter.") (quoting *Florida Cent. R.R. Co. v. Schutte*, 103 U.S. 118, 143 (1880)).  Because our prior decision on this issue was a proper holding, the law-of-the-case doctrine forbids its reconsideration. *See Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010) ("[A]n issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.").

Additionally, AU Optronics has waived further argument on this issue by not raising it on appeal before the Supreme Court, a fact the Supreme Court explicitly noted.  *AU Optronics*, 134 S. Ct. at 741 & n.2 (recognizing that the lower courts determined that the action was not a class action and that AU Optronics "[does] not challenge this ruling before this Court").  It may not now resurrect the issue before this court.

So to summarize, federal jurisdiction exists over this case if it is a "class action" or a "mass action" under CAFA.  The Supreme Court held that the case is not a "mass action."  Prior to that, both the district court and this panel held that the case was not a "class action" – a holding that AU Optronics failed to raise before the Supreme Court.  AU Optronics may not relitigate it.  For this reason, we REMAND the case to the district court for entry of an order remanding the case to state court.  Additionally, AU Optronics' Motion to Recall the Mandate and for Further Proceedings on Remand is DENIED.

REMANDED for entry of order remanding to state court.

Motion DENIED.